NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7317

WALTER L. HARDING,

Claimant-Appellee,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellant.

Appeal from the United States Court of Appeals for Veterans Claims in 04-0925, Judge Bruce E. Kasold.

ON MOTION

Before MAYER, SCHALL, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

## O R D E R

The Secretary of Veterans Affairs moves without opposition to vacate the judgment of the United States Court of Appeals for Veterans Claims and to remand for further proceedings.

Walter L. Harding filed a service connection claim for diabetes mellitus due to herbicide exposure. The Board of Veterans' Appeals denied Harding's herbicide claim. The Board determined that Harding was not entitled to the presumption of service connection due to herbicide exposure by interpreting a controlling regulation to exclude the presumption of service connection for veterans who served on ships off the coast of Vietnam but who never set foot within the land borders of Vietnam.

On appeal, the Court of Appeals for Veterans Claims reversed the Board's herbicide determination, interpreting the regulation so that the presumption of service connection also applied to veterans who served on ships off the coast of Vietnam but did not set foot within Vietnam's borders. The Secretary appealed to this court.

We recently issued our decision in Haas v. Peake, 525 F.3d 1168 (Fed. Cir. 2008). Haas held, inter alia, that only veterans present on the landmass or inland waters of Vietnam were entitled to the presumption of service connection due to herbicide exposure. Because the Court of Appeals for Veterans Claims erred in concluding that veterans who did not set foot within Vietnam's borders were entitled to the presumption of service connection for herbicide exposure, we remand for further proceedings.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion is granted. The judgment is vacated and the case is remanded for further proceedings.

(2)    All sides shall bear their own costs.

FOR THE COURT

MAR 2 7 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Louis J. George, Esq.
       Todd M. Hughes, Esq.
s20

ISSUED AS A MANDATE:

MAR 2 7 2009

_____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 27 2009

JAN HORBALY
CLERK